# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SMITH & WESSON BRANDS, INC., SMITH & WESSON INC.,

*Plaintiffs*,

v.

Agnostic Apparel; AiBao Mens House; AJ Fashion; Akihabara; ALGORITH40; AMGS oz; Ami Star; An Furniture; Aoye Clorhing; Apex Threads Collective; ArmaniQin; ATYY; Aura Totes; B Custom clothing; BanDianNiao local; BASHISS; BCLZ; BIAOBIAOY; BigLucky; Blingdongdong; BMCYF; CCCCHUILAI; CHENCHENQQ; ChicANest; ChicStrapCove; childeAAA; CKLAI; Clothing Future; Cloureverse; Cognomen Collectanea; Confident Big; CozieChic; Cozy Stitch Den; CozyCreations; Craftcotton; Cult Carry; Curated Silhouette D; DDBONE SHOP; DIZANG BBB; EaseZipTote; EESHAN HEI; Elfadewing; Elsie Aurora; ENIEOLON; Fabric Forge; FANCK FORE; FANCK TWO; Fashion Forwarda; Fashion LLD; Fashion mens T shirt FFFF; FGHJKLMJJ; Find GOOD HAT; firestormmm; First Class Hat Shop; Fitleap; FunCreative Tee; FUYUYU; fvbfdbxbcxv; G print T; GFRTA; GlitchAGarb; Good Good

SEALED

Civil Action No.

Jury Trial Demanded

Girl; HaoMai mens wear; HavenWearAA; HeZhuoFormat; HongshanfushiD; Hongyings; HUAN YU C; Imagine VII; Inedited; jey costume; Jin Han Clothing Small Shop; JOT FASHION; K S Y Man Clothing; KINGLAILAI; KKCHAO YANG; KPVWVLNGIQ2; kuaikeyoupin three; kziqqiupo; L Q Q Q; LaoOu; Lifestyle mens wear; LIU SHA AA; Llinyuyuyu; Lookory; LUBUBU; LunarStride; Lynn Han; M Wear; Machine POP; Macho Street; may03; Mei Run C; Mens wear clothing mall; Michael D; MIDULI; MING FASHIO; MING GO GO; Minimal Local A; Minimal Local L; mitrlis; MIXIANL; Miya05; MKEA Men's Clothing Store; Moda Core Man; ModaMania; Neweyes Boutique; NomadThreads; Nook Nest Goods; NVUESHGUSU; One Mens Fashion House; Originel WiseBelle; panpanrivulet; PG TWO SHOP; POLO shirt printing shop; Poloking B; Popular Polo Shirt Store; PRINTHEAD LAB; PulseClothing; QHGTJDVG; qqqswwze; QYFClothing; Rainwater moistens your eyes; Regal Bag; RELZGCGOIW; ROGUE PRINT; ruiZhao Clothing; Setaforza; Shengge Clothing Small Shop; Shengxing Clothings; SHUIJIAOY; shuwutong; SizeFree Gentleman; Skyway Exclusive Boutique; SolarGrove; Sports Towel AA;

2

StitchLuxe; STSTBB; StylishDiva Closet; Sunny Days Apparel; Superground B; TangFA Mens Wear; TeeAMorph; TeeAMuse; TeeVibe shop02; TEN FIVE; TEN TWO; The Susurrus Silk Atelier; Thirteen lines local; Thirty Six Hang; Threadvibes88; THTEE TWO; Top Hatters Cap; Topologie; TOUTOU CLOT; Trendy Brim Boutique; Trendy hotspot; Trendy Mens Clothes; Tshirt Station; Twenty five Taibao; UNPRECEDENTED CLOTHING; Urbane Collective; UrbanThreadsCo one; urjdkhdss kiuj; uunder; VeclodA; Vieta li; Viskatu; VOGUR; VORIX; WDLIX SHOP; WEIBIND; woolhatters end goods; XAIOQIQI; XIN LOU; Xingchengxing; XINGQIERR; XingyangfushiA; XUANWU BBB; XXINMEENKK; XYHdreamy; YAYAHUOCHE; YHDKJA; zengzhangSS; ZhangSan Mens wear; ZHENLIAA; ZHUJIANBO; and ZL Mens Clothing,

*Defendants.*

## **COMPLAINT**

1)  This is an action for trademark infringement in violation of 15 U.S.C.

§ 1114, false designation of origin and/or false endorsement in violation of 15

U.S.C. §1125(a), and common law trademark infringement and unfair competition.

3

2)      This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question) and 1338 (trademark and copyright). This Court has supplemental jurisdiction over the remaining common law claims pursuant to 28 U.S.C. § 1367.

3)      This Court has personal jurisdiction over Defendants pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure because Plaintiff's trademark infringement claim arises under federal law and, on information and belief, no Defendant is subject to the jurisdiction of any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

4)      Alternatively, this Court has personal jurisdiction over Defendants under O.C.G.A. § 9-10-91 because Defendants, on information and belief, either transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

5)      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

4

## **THE PARTIES**

6)     Plaintiff Smith & Wesson Brands, Inc. is a Nevada corporation with its principal place of business at 1852 Proffitt Springs Rd., Maryville, Tennessee 37801.

7)     Plaintiff Smith & Wesson Inc. is a Delaware corporation with its principal place of business at 1852 Proffitt Springs Rd., Maryville, Tennessee 37801. Smith & Wesson Inc. is an indirect wholly owned subsidiary of its parent company, Smith & Wesson Brands, Inc. Collectively, Smith & Wesson Brands, Inc. and Smith & Wesson, Inc. shall be referred to herein as, "Plaintiffs."

8)     On information and belief, Defendants Agnostic Apparel, AiBao Mens House, AJ Fashion, Akihabara, ALGORITH40, AMGS oz, Ami Star, An Furniture, Aoye Clorhing, Apex Threads Collective, ArmaniQin, ATYY, Aura Totes, B Custom clothing, BanDianNiao local, BASHISS, BCLZ, BIAOBIAOY, BigLucky, Blingdongdong, BMCYF, CCCCHUILAI, CHENCHENQQ, ChicANest, ChicStrapCove, childeAAA, CKLAI, Clothing Future, Cloureverse, Cognomen Collectanea, Confident Big, CozieChic, Cozy Stitch Den, CozyCreations, Craftcotton, Cult Carry, Curated Silhouette D, DDBONE SHOP, DIZANG BBB, EaseZipTote, EESHAN HEI, Elfadewing, Elsie Aurora, ENIEOLON, Fabric Forge, FANCK FORE, FANCK TWO, Fashion Forwarda, Fashion LLD, Fashion mens T shirt FFFF, FGHJKLMJJ, Find GOOD HAT,

5

firestormmm, First Class Hat Shop, Fitleap, FunCreative Tee, FUYUYU, fvbfdbxbcxv, G print T, GFRTA, GlitchAGarb, Good Good Girl, HaoMai mens wear, HavenWearAA, HeZhuoFormat, HongshanfushiD, Hongyings, HUAN YU C, Imagine VII, Inedited, jey costume, Jin Han Clothing Small Shop, JOT FASHION, K S Y Man Clothing, KINGLAILAI, KKCHAO YANG, KPVWVLNGIQ2, kuaikeyoupin three, kziqqiupo, L Q Q Q, LaoOu, Lifestyle mens wear, LIU SHA AA, Llinyuyuyu, Lookory, LUBUBU, LunarStride, Lynn Han, M Wear, Machine POP, Macho Street, may03, Mei Run C, Mens wear clothing mall, Michael D, MIDULI, MING FASHIO, MING GO GO, Minimal Local A, Minimal Local L, mitrlis, MIXIANL, Miya05, MKEA Men's Clothing Store, Moda Core Man, ModaMania, Neweyes Boutique, NomadThreads, Nook Nest Goods, NVUESHGUSU, One Mens Fashion House, Originel WiseBelle, panpanrivulet, PG TWO SHOP, POLO shirt printing shop, Poloking B, Popular Polo Shirt Store, PRINTHEAD LAB, PulseClothing, QHGTJDVG, qqqswwze, QYFClothing, Rainwater moistens your eyes, Regal Bag, RELZGCGOIW, ROGUE PRINT, ruiZhao Clothing, Setaforza, Shengge Clothing Small Shop, Shengxing Clothings, SHUIJIAOY, shuwutong, SizeFree Gentleman, Skyway Exclusive Boutique, SolarGrove, Sports Towel AA, StitchLuxe, STSTBB, StylishDiva Closet, Sunny Days Apparel, Superground B, TangFA Mens Wear, TeeAMorph, TeeAMuse, TeeVibe shop02, TEN FIVE, TEN TWO, The Susurrus

Silk Atelier, Thirteen lines local, Thirty Six Hang, Threadvibes88, THTEE TWO, Top Hatters Cap, Topologie, TOUTOU CLOT, Trendy Brim Boutique, Trendy hotspot, Trendy Mens Clothes, Tshirt Station, Twenty five Taibao, UNPRECEDENTED CLOTHING, Urbane Collective, UrbanThreadsCo one, urjdkhdss kiuj, uunder, VeclodA, Vieta li, Viskatu, VOGUR, VORIX, WDLIX SHOP, WEIBIND, woolhatters end goods, XAIOQIQI, XIN LOU, Xingchengxing, XINGQIERR, XingyangfushiA, XUANWU BBB, XXINMEENKK, XYHdreamy, YAYAHUOCHE, YHDKJA, zengzhangSS, ZhangSan Mens wear, ZHENLIAA, ZHUJIANBO, and ZL Mens Clothing ("Defendants") are foreign entities, associations, or individuals with unknown locations, all of whom advertise and sell a variety of goods through their virtual storefronts on various e-commerce marketplaces, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Etsy, Joom, Printerval, Temu, Walmart, and Wish (each a "Marketplace" and collectively the "Marketplaces").

9)      Each Defendant is known to Plaintiffs by its unique Marketplace name and ID number.

## RELEVANT FACTS

### Plaintiffs' Trademarks

10)     Smith & Wesson was founded in the United States in 1852 and today is one of the oldest and best-known firearm manufacturers.

7

11)    Over the last approximately 170 years of continuous operation, Smith & Wesson has become synonymous with the manufacture, distribution, and sale of high-quality firearms, firearm parts, and firearm accessories. The SMITH & WESSON brand and associated S&W mark are famous and world-renowned.

12)    Smith & Wesson also offers a wide range of other branded consumer goods including t-shirts, sweatshirts, hats, bags, desk mats, belts, wall décor, wallets, knives, and more, under or in connection with various trademarks.

13)    Plaintiffs own numerous federally registered and common law Smith & Wesson trademarks, including, but not limited to, SMITH & WESSON, , PROTECTED BY SMITH & WESSON, M&P, , , M&P SHIELD, M2.0, BODYGUARD, and many others (collectively, "Plaintiffs' Marks"). Each of Plaintiffs' Marks is valid and enforceable.

14)    Attached hereto as Exhibit A are true and correct copies of federal certificates of registration for some of Plaintiffs' Marks.

15)    Plaintiffs' Marks have been consistently used in commerce for decades in connection with a wide variety of goods and services. Plaintiffs have not abandoned any of Plaintiffs' Marks.

16)    As a result of Plaintiffs' extensive use of Plaintiffs' Marks in commerce, through sale of goods, offering goods for sale, advertising, promotion,

or otherwise, Plaintiffs' Marks have achieved considerable goodwill throughout the United States and the world.

17)    Consumers have come to recognize Plaintiffs' Marks as indicating goods emanating from Plaintiffs.

18)    On information and belief, each Defendant sells, offers for sale, distributes, and/or advertises goods to customers in the United States, including in this judicial district.

19)    As shown on the attached Exhibit B, each Defendant uses in commerce a reproduction, counterfeit, copy, or colorable imitation of one or more of Plaintiffs' Marks on or in connection with the sale, offer for sale, distribution, or advertising of goods on their respective virtual storefronts on the Marketplaces.

20)    Plaintiffs have captured screenshots of the infringing product listings at issue on the Marketplaces for each Defendant. Attached hereto as Exhibit B are true and correct copies of the screenshots showing Defendants' infringing product listings, including an identification of each trademark alleged to be infringed by each Defendant.

21)    None of the Defendants is, or has ever been, authorized to sell, offer for sale, distribute, or advertise any goods under or in connection with any of Plaintiffs' Marks in the manner complained of herein. None of the Defendants is licensed to use any of Plaintiffs' Marks in the manner complained of herein.

9

22)    Each Defendant's violation of Plaintiffs' exclusive rights in Plaintiffs' Marks individually harms Plaintiffs and is actionable in itself. However, it is the combined harm from all Defendants jointly violating Plaintiffs' Marks that has forced Plaintiffs to bring this action. Defendants are taking advantage of a set of circumstances—the anonymity and mass reach afforded by the internet and the cover afforded by international borders—to violate Plaintiffs' trademarks with impunity. It is plausible that Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even if they do not engage in direct communication or coordination. The more of them there are, the more difficult it is for Plaintiffs to successfully defend their trademarks. The fact that all Defendants are attacking at once is the defining aspect of the harm from which Plaintiffs seek relief. The combined harm suffered by Plaintiffs at the hands of Defendants constitutes the occurrence or series of occurrences giving rise to this action.

23)    On information and belief, at least some Defendants: (a) source infringing goods from one or more of the same suppliers or manufacturers who facilitate, instruct, and/or coordinate certain Defendants' actions; (b) utilize identical product descriptions (including identical grammar errors and misspellings), product images, sequences of product images, pricing structures, payment options, shipping information, keywords, metadata, and other indicia of

10

purposeful relatedness; (c) operate multiple virtual storefronts within and across multiple Marketplaces; and (d) participate in on-line forums dedicated to avoiding or minimizing liability. Therefore, on information and belief, at least some Defendants are working together to knowingly and willfully sell, offer for sale, distribute, or advertise infringing goods in the same transaction, occurrence, or series of transactions or occurrences.

## COUNT I.
### INFRINGEMENT OF A REGISTERED TRADEMARK
### IN VIOLATION OF 15 U.S.C. § 1114

24)     Paragraphs 1-23 are realleged and incorporated herein by reference.

25)     As set forth on the attached Exhibit B, each Defendant is using in commerce one or more reproductions, counterfeits, copies, or colorable imitations of one or more of Plaintiffs' Marks in connection with the sale, offering for sale, distribution, or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of each Defendant's goods.

26)     Each Defendant's aforesaid actions are likely to cause damage and other irreparable injury to Plaintiffs unless such actions are enjoined by this Court, Plaintiffs having no adequate remedy at law.

27)    Each Defendant's aforesaid actions constitute an infringement of Plaintiffs' rights in and to its federally registered Marks in violation of 15 U.S.C. § 1114.

28)    After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiffs' Marks and knowledge that such acts are likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of its goods. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

29)    In accordance with 15 U.S.C. § 1117, Plaintiffs are entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiffs' trademark rights, Plaintiffs are entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

30)    Plaintiffs are further entitled to an award of three times their damages or profits from each Defendant found to be intentionally using a counterfeit mark, pursuant to 15 U.S.C. § 1117(b).

31)    Alternatively, Plaintiffs are entitled to an award of statutory damages of not less than $1,000 or more than $2,000,000 per counterfeit mark per type of good sold or offered for sale pursuant to 15 U.S.C. § 1117(c).

32)    Plaintiffs have been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiffs having no adequate remedy at law.

## COUNT II.
## FALSE DESIGNATION OF ORIGIN AND/OR FALSE ENDORSEMENT IN VIOLATION OF 15 U.S.C. § 1125(a)

33)    Paragraphs 1-23 are realleged and incorporated herein by reference.

34)    As set forth on Exhibit B, each Defendant is using in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact on or in connection with its goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiffs.

35)    After a reasonable opportunity for further investigation and discovery, it is likely the evidence will show that each Defendant's aforesaid acts have been and are being committed with knowledge of Plaintiffs' Marks and knowledge that

such acts are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of each Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of each Defendant's goods or commercial activities by Plaintiffs. Each Defendant's acts are therefore intentional, willful, and maliciously calculated to cause confusion, to cause mistake, or to deceive. As such, this is an exceptional case.

36)    Defendants' acts constitute false designation of origin and/or false endorsement in violation of 15 U.S.C. § 1125(a).

37)    In accordance with 15 U.S.C. § 1117, Plaintiffs are entitled to recover from each Defendant: (1) its profits, (2) any damages sustained by Plaintiffs, and (3) the costs of the instant action. Further, based upon the nature of each Defendant's violation of Plaintiffs' trademark rights, Plaintiffs are entitled to recover reasonable attorney's fees, treble damages, and/or enhanced profits.

38)    Plaintiffs have been and will continue to be irreparably damaged by each Defendant's aforesaid acts unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiffs having no adequate remedy at law.

## COUNT III.
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39)    Paragraphs 1-23 are realleged and incorporated herein by reference.

40)    Each Defendant's use of one or more marks that is confusingly similar to one or more of Plaintiffs' Marks, in connection with goods which are the same as or are competitive with Plaintiffs' goods as set forth on the attached Exhibit B, is likely to cause confusion, to cause mistake, and to deceive as to the source or origin of its goods.

41)    Each Defendant is offering its goods for sale with full knowledge of Plaintiffs' Marks.

42)    Each Defendant has promoted and offered for sale its goods in such a manner as to suggest an association, affiliation, or sponsorship with, or approval by Plaintiffs, or so as to cause, or be likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of Plaintiffs' or Defendants' goods, all to Defendants' profit and to Plaintiffs' damage.

43)    Plaintiffs are entitled to recover from each Defendant actual and compensatory damages in an amount to be proven at trial in addition to any other available remedies.

44)    Each Defendant's aforesaid conduct constitutes infringement of Plaintiffs' common law rights in and to Plaintiffs' Marks and further constitutes common law unfair competition, all of which has irreparably damaged and/or will irreparably damage Plaintiffs, together with its goodwill and reputation, unless

15

Defendants are enjoined and restrained by this Court, Plaintiffs having no adequate remedy at law.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for a judgment of the Court as follows:

1)      That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale, or selling any goods under or in connection with Plaintiffs' Marks or any other designation, trademark, or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiffs' or Defendants' goods, or from otherwise infringing Plaintiffs' Marks;

2)      That an accounting be conducted and judgment be rendered against each Defendant for:

a)      all profits received by each Defendant from the sale of goods under or in connection with Plaintiffs' Marks in the United States;

b)      all damages in an amount proven at trial from, *inter alia*, each Defendant's trademark infringement, false designation of origin, and false endorsement, pursuant to 15 U.S.C. § 1117; and

c)      any other actual and compensatory damages in an amount not presently known but to be computed during the pendency of this action.

3)      That any damages assessed against any Defendant for trademark infringement, false designation of origin, and/or false endorsement be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

4)      Alternatively, that Plaintiffs be awarded statutory damages from each Defendant found to be using a counterfeit mark of no less than $1,000 and no more than $2,000,000 per mark per type of good sold;

5)      That each Defendant be directed to file with the Court and serve upon Plaintiffs, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunctions requested in the immediately preceding paragraphs and any other provision of this Court's Order;

6)      That Plaintiffs have and recover their costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7)      That Plaintiffs have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

Dated: February 5, 2026.

Respectfully submitted,

THE SLADKUS LAW GROUP

*s/ Jason H. Cooper*
Carrie A. Hanlon
Ga. Bar No. 289725
E-mail: carrie@sladlaw.com
Jason H. Cooper
Ga. Bar No. 778884
E-mail: jason@sladlaw.com

1397 Carroll Drive
Atlanta, GA 30318
Telephone: (404) 252-0900
Facsimile: (404) 252-0970

**Attorneys for Plaintiffs**